UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANA FOUST, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-08669 |
| v. | ) | |
| | ) | |
| FINANCIAL RECOVERY SERVICE, | ) | |
| INC.; CAVALRY SPV I, LLC; and | ) | |
| CAVALRY PORTFOLIO SERVICES, | ) | |
| LLC, | ) | Jury Demanded |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Dana Foust, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452/2 ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendants sent letters to Plaintiff attempting to collect a debt, which failed to adequately disclose the amount of the alleged debt and threatened action that Defendants' did not intend to take in violation of the FDCPA.

1

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Dana Foust ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Citibank credit card account. Plaintiff is thus a "consumer" as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, #400, Valhalla, NY, 10595-1340. It does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle St, Suite 814 (Exhibit A, Record from Illinois Secretary of State).

8. Cavalry holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Cavalry derives the majority of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers.

10. To that effect, Cavalry is the Plaintiff in hundreds of collection lawsuits against consumers each month in the Circuit Court of Cook County Illinois.

11. Cavalry's principal purpose is the collection of debts.

12. Cavalry is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

13. Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with its principal place of business at 4050 East Cotton Center, Building 2, Suite 20, Phoenix, Arizona 85040. CPS does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60605. (Exhibit C, Record from Illinois Secretary of State).

14. Defendant CPS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts on behalf of Cavalry SPV I, LLC and holds a collection agency license from the State of Illinois (Exhibit D, Record from the Illinois Department of Financial & Professional Regulation).

15. CPS regularly collects or attempts to collect defaulted consumer debts owed or due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

16. Defendant, Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation that does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit E, Record from Illinois Secretary of State).

3

17. FRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others from Illinois consumers.

18. FRS holds a collection agency license from the State of Illinois and is a licensed Collection Agency, and attempts to collect debts originally owed to others. FRS is a collection agency as defined by the ICAA. (Exhibit F, Record from Illinois Department of Financial & Professional Regulation).

19. FRS regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

20. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Citibank N.A. credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

21. Due to her financial circumstances, Plaintiff could not pay any alleged debts and the alleged debt went into default.

22. On or about April 5, 2017, FRS, on behalf of Cavalry and CPS, mailed a collection letter ("First Letter") directly to Plaintiff regarding the alleged debt. (Exhibit G, First Letter).

23. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, the identity of the current creditor, and an account number.

24. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

4

25. The First Letter was FRS's initial communication to Plaintiff.

26. Plaintiff did not receive a subsequent email within 5 days after the initial communication.

27. The First Letter states, in part:

> COST BALANCE: $0.00
> BALANCE DUE: $3451.73

(Exhibit G)

28. The First Letter failed to adequately inform Plaintiff of the amount of the debt, as it listed both a "cost balance" and a "balance due."

29. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **Validation of debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt . . . .**

30. FRS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

31. 225 ILCS 425/9.3 of the ICAA prohibits the following:

> **. . . (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**
>
> **(1) the amount of the debt. . . .**

32. FRS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 225 ILCS 425/9.3(a)(1) of the ICAA.

33. A private right of action exists for a violation of the ICAA. *Sherman v. Field Clinic,* 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

34. Statutes providing for administrative remedies in Illinois (e.g. the revocation of a license, etc.) imply a civil right of action. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

35. On or about May 16, 2017, FRS sent Plaintiff a subsequent collection letter seeking to collect an alleged debt. (Exhibit H, Second Letter)

36. The Second Letter conveyed information regarding the alleged debt, including the identity of the original creditor, the identity of the current creditor, and an account number.

37. The Second Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

38. The Second Letter states in part:

> **. . . your account has been assigned to our office as a *Pre-Legal account*. . . We have a limited amount of time before it is recalled from us and *placed with a law firm*. . .**
>
> **This account meets our client's guidelines for *placement with a law firm*. . .**
>
> **You can avoid the *law firm review* of your account. . . avoid having your account *reviewed by a law firm*.**
>
> **. . .contact our office and make arrangements to resolve your account with us before it is *forwarded* by our client to *licensed attorney* in your state.**

(Exhibit H, emphasis added)

39. However, no attorney had reviewed Plaintiff's account for legal action when FRS sent the Second Letter to Plaintiff.

40. Defendants' insufficient attempt to disclaim attorney involvement by placing such language between numerous references to potential legal action is confusing and deceptive.

41. The unsophisticated consumer could reasonably interpret the Letter to mean that an attorney has reviewed her account, or to mean that an attorney has *not* reviewed her account; both cannot be true.

42. A collection letter that can reasonably be read by the unsophisticated consumer to have two or more meanings, one of which is false, is deceptive under the FDCPA. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006).

43. FRS made reference to legal action in an attempt to coerce Plaintiff into paying the balance on the alleged debt.

44. These legal terms are peppered throughout the Letter to make the unsophisticated consumer believe the account has been determined to be legally enforceable, and to communicate to the consumer that "the price of poker has just gone up;" the language is designed "to get the debtor's knees knocking." *See Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) (analyzing a letter sent to a consumer on attorney letterhead by a non-attorney).

45. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. . .**

7

46. Defendants sent a communication in connection with the attempt to collect a debt that can reasonably read by the unsophisticated consumer to have two or more meanings, one of which is false, in violation of § 1692e.

47. Cavalry bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Defendant CPS and FRS. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

48. CPS bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Defendant FRS. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

49. Due to Defendants' communications, Plaintiff experienced negative emotions including confusion, frustration, aggravation, and other garden variety emotional distress.

50. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

52. Defendants failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

53. Defendants sent a communication in connection with the attempt to collect a debt that can reasonably read by the unsophisticated consumer to have two or more meanings, one of which is false, in violation of § 1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

8

      A.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      D.      Such other or further relief as the Court deems proper.

### COUNT II—ILLINOIS COLLECTION AGENCY ACT

54. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

55. FRS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 225 ILCS 425/9.3(a)(1) of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.      Compensatory and punitive damages;

      B.      Costs: and

      C.      Such other or further relief as the Court deems proper

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
Holly McCurdy
Sarah Barnes
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

9